IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JONATHAN PARKS TERRELL**                                          **PLAINTIFF**

v.                                                        Civil Action No. 1:14cv325-JCG

**HEL MERTZ et al.**                                                **DEFENDANT**

### ORDER DISMISSING REMAINING DEFENDANTS
### PURSUANT TO 28 U.S.C. § 1915A(b) AND 28 U.S.C. § 1915(e)(2)(B)

This case is before the Court *sua sponte* for screening and consideration of dismissal of the remaining Defendants. Plaintiff Jonathan Parks Terrell filed this lawsuit *pro se* and *in forma pauperis* while incarcerated at the Harrison County Adult Detention Center ("HCADC") in Harrison County, Mississippi. An omnibus hearing, which also served as a *Spears*[1] hearing, was held on January 6, 2015. At the omnibus hearing, Plaintiff was allowed an opportunity to explain his claims orally. Accepting all of Plaintiff's allegations as true, and construing them liberally and in the light most favorable to him, Plaintiff has failed to state a claim against the remaining Defendants. The claims against these Defendants, an apartment complex manager and unnamed medical providers at HCADC, should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

Plaintiff was arrested on August 31, 2012, by officers with the Biloxi Police Department. Just before his arrest, Plaintiff was driving a U-Haul van into the parking lot of his gated apartment complex in Biloxi, Mississippi. Plaintiff was

---

[1]*Spears. v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

approached in the parking lot by officers who showed him a warrant to search his apartment. According to Plaintiff, the search warrant stated that the officers were searching for a methamphetamine laboratory. The officers searched Plaintiff's apartment and found the chemical toluene and five gallons of hydrochloric acid. Plaintiff was read his *Miranda* rights and arrested without incident.

Plaintiff later pleaded guilty to violating Mississippi Code Section 41-29-313, which makes it unlawful to purchase, possess, transfer, manufacture, attempt to manufacture or distribute two or more listed precursor chemicals or drugs with (1) the intent to unlawfully manufacture a controlled substance or (2) knowing, or under circumstances where one reasonably should know, that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance. Plaintiff was sentenced to eight years of imprisonment suspended with three years of non-adjudicated probation. Prior to sentencing, Plaintiff was incarcerated for two years and four months at HCADC.

On August 22, 2014, Plaintiff filed this suit, naming three Defendants: (a) Biloxi police officer Aldon Helmert, incorrectly sued as Hel Mertz; (2) Jane Doe, later identified by Plaintiff as Tonya Radford, who is purportedly the manager of the apartments where Plaintiff was arrested; and (3) unnamed medical providers at HCADC. The claims against Officer Helmert have been dismissed with prejudice. Order [42]. Plaintiff was ordered to identify the names of the medical providers at HCADC that he is attempting to sue, but he has been unable to provide the Court with any names. At the omnibus hearing, Plaintiff responded in the affirmative

when asked by the Court if he was suing "the general medical system at the county jail," as opposed to an individual person or medical provider. Omn. Hr'g Tr. at 20.

## II. ANALYSIS

A.  Standard of Review

The Prison Litigation Reform Act of 1996 ("PLRA") requires federal courts to screen all suits filed by prisoners at the litigation's outset. 28 U.S.C. § 1915A(a). Under the PLRA and the *in forma pauperis* statute, the Court must dismiss cases that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek damages from a defendant that is immune from damage claims. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). The *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The Court "may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990). The Court is not required to wait until a defendant has been served to dismiss a case; it should dismiss a case at any time when it is clear that the case falls within the parameters of 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B).

B.  Jane Doe/Tonya Radford

Plaintiff is suing Tonya Radford, the purported manager of the apartments where he lived and was arrested, because he claims that she is responsible for

flawed security that allowed Biloxi police officers to enter the premises. Plaintiff submits that he was a paying tenant on private property and Radford "didn't respect security guard clearance for tenant renters that had a security deposit in the management's office." Omn. Hr'g Tr. at 17.

In order to establish liability under § 1983, a plaintiff must prove that he has been deprived of a federal statutory or constitutional right by someone acting "under color of" state law. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). There are no allegations that pertain to Radford that could support a § 1983 claim for violation of Plaintiff's constitutional or federal statutory rights. In addition, Radford is not a state actor and was not acting "under color of state law" at the time of the incident in question. To the extent that Plaintiff alleges Radford was negligent, Radford owed Plaintiff no duty to prevent officers who had a search warrant to search Plaintiff's apartment from entering the apartment's premises. Plaintiff has not stated a claim against Radford upon which relief may be granted, and the claims against her should be dismissed with prejudice .

C.  Unnamed Medical Providers at HCADC

Plaintiff is suing the general medical system at HCADC because he contends that he did not receive adequate medical treatment for his schizoaffective disorder during his over two-year incarceration. Plaintiff admits that he received medical treatment at HCADC but maintains that the medical providers at HCADC are "negligent tortfeasors" because he should have been seen by a psychiatrist. Plaintiff requested to see a psychiatrist, was purportedly promised that he would be able to

see a psychiatrist, but was not seen by a psychiatrist.  Plaintiff maintains that his ADHD was not treated, though he "did get mediocre medication for depression and for anxiety."  Omn. Hr'g Tr. at 25.  Plaintiff asserts that his incarceration caused an interruption in his doctor-patient relationship because prior to his arrest, a psychiatrist was treating him.

Plaintiff was initially a pretrial detainee at HCADC and after his plea, a convicted prisoner.  The rights of a pretrial detainee to medical treatment are protected by the procedural and substantive due process guarantees of the Fourteenth Amendment, whereas those of a convicted prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment.  *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996).  "[T]he deliberate indifference standard articulated by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees and convicted prisoners alike . . . ."  *Thomas v. Mills,* No. 14-10491, 2015 WL 5049826, *1 (5th Cir. Aug. 27, 2015).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).

At the omnibus hearing, the following exchange occurred:

> The Court:  So did they treat you?
>
> Mr. Terrell:  Yes, Your Honor.

> The Court:  You just feel like they didn't treat you to the adequate medical standard?
>
> Mr. Terrell:  I feel like I was getting substandard treatment, patient/doctor treatment.
>
> The Court: Okay.  And did they ever deny you treatment, or did they just not treat you to the standard you felt they should treat you?
>
> Mr. Terrell: I think I was not treated to the standard that I would prefer to be treated.

Omn. Hr'g Tr.  at 25.

By its very nature, incarceration deprives a prisoner of the wide choice of health care providers available and may well interfere with a prisoner's preferred mode of treatment.  *United States v. DeCologero,* 821 F.2d 39, 42 (1st Cir. 1987). Prisoners do not have a constitutional right to the "best" medical treatment available. *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir. 1978).  Prison medical providers are entitled to exercise their professional medical judgment in deciding what treatment is adequate for a serious medical need of a prisoner, and the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *see Williams v. Bearry,* No. 00-60731, 273 F.3d 1096, *3 (5th Cir. Sept. 7, 2001).

Plaintiff has not alleged acts or omissions sufficiently wanton or reckless to meet the "extremely high standard" of deliberate indifference.  *Estelle,* 429 U.S. at 107.  Plaintiff does not deny that he received medical treatment.  He disagrees with the treatment he was provided and deems it negligent and below the standard of

6

treatment he would prefer.  Claims of negligence and medical malpractice do not state a constitutional claim under § 1983.  The claims against the John Doe medical providers at HCADC should be dismissed with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the claims against the remaining defendants, who are named on the docket as Jane Doe and John Doe, are dismissed with prejudice.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of September, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE